866 F.2d 1416
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bernard Douglas HOLLAND, a/k/a "Bernie", Defendant-Appellant.
 No. 88-5811.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 12, 1988.
Decided: Jan. 27, 1989.
 
 Aida Fayar Doss for appellant.
 Margaret P. Currin, United States Attorney, Samuel Rosenthal, Chief, Appellant Section, Criminal Division, J. Douglas Wilson (Department of Justice, on brief) for appellee.
 Before WILKINSON, Circuit Judge, and ROBERT R. MERHIGE, Jr., Senior United States District Judge for the Eastern District of Virginia, and MALCOM J. HOWARD, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Bernard Douglas Holland appeals his conviction by a jury of two counts of interstate travel to promote unlawful activity, in violation of the Travel Act, 18 U.S.C. Sec. 1952(a). Upon consideration of the record and the briefs submitted on appeal, we find Holland's arguments to be without merit.
 
 
 2
 Holland's principal contention is that insufficient evidence was presented by the government at trial to support his conviction for traveling from North Carolina to Michigan to promote or carry on unlawful activity. Appellant contends that the government adduced no proof of a "thereafter" act, as required to establish a violation of 18 U.S.C. Sec. 1952(a). Appellant misconstrues the nature of an offense under the Travel Act for where, as here, the government has proved that the defendant traveled in interstate commerce with the intent to further an unlawful enterprise, it need not prove that the defendant committed an illegal act after completing the interstate travel. See United States v. Jones, 642 F.2d 909, 913 (5th Cir.1981).
 
 
 3
 Holland also argues that his conviction on two counts of violating the Travel Act violated the Double Jeopardy Clause. He argues that his trip from Michigan to North Carolina and back again will support only one conviction under the Travel Act. Appellant again misconstrues the nature of a Travel Act violation. Any act, legal or illegal, done in furtherance of the unlawful enterprise after interstate travel is sufficient to complete the offense. Because the government proved different facts in support of the two offenses, no violation of the Double Jeopardy Clause occurred.
 
 
 4
 Holland also asserts in his pro se brief, accepted as a supplement to counsel's brief, that the District Court made numerous other errors and was without jurisdiction to try the case in the first place. These contentions are also without merit and we reject them as well. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 5
 AFFIRMED.